UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TIM DOYLE, Individually and On Behalf of All Others Similarly Situated, *et al*.,<br><br>Plaintiff,<br><br>v.<br><br>REATA PHARMACEUTICALS, INC., *et al*.,<br><br>Defendants | Case No. 4:21-cv-00987<br>LEAD<br><br>CLASS ACTION |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *Doyle et al. v. Reata Pharmaceuticals, Inc. et al.*, No. 4:21-cv-00987 (the "Action");

WHEREAS, (a) lead plaintiff UMC Benefit Board, Inc., US Equity Fund-P Series, a series of the Wespath Funds Trust, US Equity Index Fund-P Series, a series of the Wespath Funds Trust, Wespath Institutional Investments LLC, US Equity Fund-I Series, a series of the Wespath Funds Trust, and US Equity Index Fund-I Series, a series of the Wespath Funds Trust ("Wespath" or "Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below), (b) defendant Reata Pharmaceuticals, Inc. ("Reata" or the "Company"), (c) defendants J. Warren Huff, Colin J. Meyer, Manmeet S. Soni, James E. Bass, William D. McClellan, Jr., R. Kent McGaughy, Jack B. Nielsen, and William E. Rose (the "Individual Defendants," and together with Reata, the "Reata Defendants"), and (d) defendants Barclays Capital Inc., Cantor Fitzgerald & Co., Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, Jefferies LLC, Ladenburg Thalmann & Co., Inc., Robert W. Baird & Co. Incorporated, Stifel, Nicolaus & Company, Incorporated, and SVB Securities LLC, f/k/a SVB Leerink LLC, n/k/a Leerink Partners (the "Underwriter Defendants," and together

with the Reata Defendants, the "Defendants"), have entered into a Stipulation and Agreement of Settlement dated October 30, 2023 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated November 27, 2023 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on March 29, 2024 (the "Settlement Hearing") to consider, among other things, whether: (a) the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties and each of the Settlement Class Members.

2. **<u>Incorporation of Settlement Documents</u>** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on November 3, 2023; and (b) the Notice and the Summary Notice, both of which were filed with the Court on February 23, 2024.

3. **<u>Class Certification for Settlement Purposes</u>** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who, during the period between November 14, 2016, and December 8, 2021, inclusive (the "Settlement Class Period"), purchased or otherwise acquired Reata common stock, including all persons or entities who purchased or otherwise acquired Reata common stock pursuant and/or traceable to Reata's 2019 Offering and/or 2020 Offering (the "Offerings Subclass"). Excluded from the Settlement Class are: (i) Defendants; (ii) any person who served as a partner, control person, executive officer, and/or director of Reata during the Settlement Class Period, and members of their Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Reata; (iv) any entity in which Defendants have or had a controlling interest during the Settlement Class Period; (v) any trust of which any Individual Defendant is the settlor or that is for the benefit of any Individual Defendant and/or member(s) of their Immediate Family; and (vi) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (v) hereof; *provided*, *however*, that any "Investment Vehicle" shall not be

excluded from the Settlement Class. Investment Vehicle means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his, or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order, appointing Lead Plaintiff as Class Representative for the Settlement Class and appointing Lead Counsel and Liaison Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder), (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, (iv) Settlement Class Members' right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, (v) Settlement Class Members' right to exclude

themselves from the Settlement Class, and (vi) Settlement Class Members' right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly

incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Plaintiffs' Claims against Defendants' Releasees, and shall forever be enjoined from prosecuting any and all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(u) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants and each of the other Defendants' Releasees, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all Released Defendants' Claims against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and/or Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Releasees, with respect to the truth of any fact alleged by Lead Plaintiff, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, arbitral, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees, that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the CAC would not have

exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, arbitral, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties, the Releasees, and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such

amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants and the Parties shall revert to their respective positions in the Action as of July 27, 2023, as provided in the Stipulation.

17. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

**IT IS SO ORDERED.**

**SIGNED this 29th day of March, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE